UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID COLEMAN,

                              Plaintiff,

        -against-

THE STATE OF NEW YORK POLICE
DEPARTMENT; THE CITY OF NEW YORK,

                              Defendants.

20-CV-2146 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

        Plaintiff, currently incarcerated at Gouverneur Correctional Facility, brings this *pro se*

action under 42 U.S.C. §1983. Plaintiff alleges that on April 28, 2019, he was unlawfully

arrested, but the charges against him were dismissed. For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter

jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are from Plaintiff David Coleman's complaint:

> On approximately April 28, 2017, the Defendant(s) New York City Police Department arrested the Plaintiff for allegedly steering a drug buy, in which the Plaintiff had no knowledge of the suspects involvement. Then the City of New York arraign[ed] the Plaintiff on the charges on approximately April 29, 2017, and set a $1,000 bail on the Plaintiff. This case [was] dismissed in the favor of the accused on Sept. 19, 2017. The Plaintiff request[s] an order declaring that the Defendant(s) have acted in violation of the United States Constitution. Plaintiff seek[s] $2,000,000.00 (Two Million Dollars) in compensatory damages.

(ECF 2 at 2.)

Plaintiff brings this action against the State of New York and the City of New York.

**DISCUSSION**

**A.      In Forma Pauperis Application**

Plaintiff is a prisoner seeking to proceed *in forma pauperis* (IFP), that is, without prepaying the full filing fee. Because Plaintiff has brought many prior actions, the Court first considers whether 28 U.S.C. § 1915(g) disqualifies him from proceeding IFP as a prisoner.

Plaintiff brought several civil actions that do not qualify as strikes. *See Coleman v. N.Y.C. Dep't of Corr.*, ECF 1:07-CV-00529, 42 (GBD) (S.D.N.Y. Aug. 11, 2011) (excessive force claims settled); *Coleman v. NYPD Northern Manhattan Narcotic Div.*, ECF 1:07-CV-02063, 3 (KMW) (S.D.N.Y. Mar. 12, 2007) (dismissed as mistakenly filed duplicate).

Plaintiff brought two civil actions while a prisoner that were dismissed *sua sponte* on grounds that appear to qualify these dismissals as strikes. *See Coleman v. Tucker*, ECF 1:19-CV-04857, 5 (CM) (S.D.N.Y. July 8, 2019) ("Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii)."); *Coleman v. The City of New York*, ECF 1:09-CV-07602, 7 (LAP) (S.D.N.Y. Apr. 2, 2010) (dismissed under § 1915(e)(2)(B)).

Plaintiff brought a civil action that was dismissed "without prejudice" when he failed to respond to an order directing him to file an amended complaint. *See Coleman v. N.Y.C. Dep't of Corr. Rikers Island A.M.K.C. C-71*, ECF 1:07-CV-01872, 5 (KMW) (S.D.N.Y. June 8, 2007). The issue of whether a dismissal without prejudice qualifies as a strike is pending before the Supreme Court, *Lomax v. Ortiz-Marquez*, No. 18-8369. Pending the Supreme Court's resolution of the issue, the Court assumes for purposes of this order that this dismissal without prejudice is not a strike.[1]

---

[1] *See, e.g., Fate v. State of N.Y.*, 19-2008-pr (2d Cir. Dec. 12, 2019) (vacating dismissal based on § 1915(g) and directing district court to consider, in light of *Escalera v. Samaritan Vill.*,

It is a closer question whether the dismissal granting defendants' motion for summary judgment in *Coleman v. City of N.Y.*, ECF 1:07-CV-1051, 36 (CM) (S.D.N.Y. Feb. 2, 2010), counts as a third strike under § 1915(g). When evaluating whether a dismissal at summary judgment qualifies as a strike, the court must determine whether the "dismissing court deemed the action frivolous, malicious or failing to state a claim." *Escalera v. Samaritan Vill.*, 938 F.3d 380 (2d Cir. 2019). In *Escalera*, the allegations of the complaint, taken as true, stated a claim for relief, but after evaluating the record and determining that "the evidence did not support the claim," the district court granted summary judgment for defendants; under these circumstances, the dismissal was not for failure to state a claim, and thus did not qualify as a strike. *Id.* at 383.

In *Coleman*, ECF 1:07-CV-1051, 36, the district court's order granting summary judgment for defendants included some language suggesting that even if Plaintiff's allegations were true, defendants were entitled to judgment as a matter of law, but the district court also evaluated the record and relied on Plaintiff's deposition testimony in concluding that he was not subjected to excessive force. It therefore appears that the entire action in *Coleman*, ECF 1:07-CV-1051, 36, was not dismissed for failure to state a claim or other strike grounds, and the dismissal thus does not qualify as a strike. Accordingly, Plaintiff did not have three strikes at the time that he filed this complaint.

Plaintiff's application shows that he is unable to afford the cost of prepaying the filing fee, and the Court therefore grants Plaintiff's application to proceed IFP in this action.

---

938 F.3d 380, 382-84 (2d Cir. 2019), whether, among other cases, "dismissal without prejudice, in part for improper venue," qualified as a strike).

**B.    False-Arrest Claim**

A claim for false arrest under § 1983 looks to state law as a starting point to determine the elements of the claim. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of § 1983 claims and courts should not "mechanically apply" the law of New York State); *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003).

To establish a false-arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)).

Plaintiff's allegation that the criminal charges against him were dismissed is insufficient to state a claim that his arrest was unlawful. *See, e.g., Zalaski v. City of Hartford*, 723 F.3d 382, 389, 390 (2d Cir. 2013) (Probable cause does not "demand that an officer's good-faith belief that a suspect has committed or is committing a crime be correct.").

Plaintiff also has not pleaded facts showing, for example, that he was arrested without a warrant. *See, e.g.*, *Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007) (holding that an arrest pursuant to a warrant is presumed to be reasonable under the Fourth Amendment); *see Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) ("Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has

issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner[.]").[2]

Plaintiff has not named as a defendant any individual who arrested him. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (holding that to state a claim under § 1983, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation). Even if Plaintiff was arrested without a warrant, if "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," then the arrest is privileged. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994). Plaintiff's allegations that he was arrested on charges that were later dismissed are insufficient to state a claim for false arrest, but the Court grants Plaintiff leave to replead this claim.

**C.    City of New York**

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See*

---

[2] A plaintiff may rebut the presumption of probable cause and state a false arrest claim "only if he alleges facts suggesting that the arrest warrant was facially invalid or that it was procured through fraud, perjury, or the misrepresentation or falsification of evidence." *Vasquez v. Reilly*, ECF 9:15-CV-9528, 46, 2017 WL 946306, at *7 (S.D.N.Y. Mar. 9, 2017).

*Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

Plaintiff names the City of New York as a defendant in this matter but fails to plead any facts showing that a policy, custom, or practice of the City of New York caused a violation of his rights. If Plaintiff chooses to file an amended complaint and names the City of New York as a defendant in the amended complaint, he must plead facts showing that the City itself caused a violation of his rights.

**D.     State of New York**

Plaintiff has named the State of New York as a defendant in this matter, but under the Eleventh Amendment to the U.S. Constitution, the State of New York is entitled to immunity from suit in federal court. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). New York has not waived its Eleventh Amendment immunity, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed without leave to replead.

# LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

---

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-2146 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   March 19, 2020
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

## AMENDED
# COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.      LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐   Violation of my federal constitutional rights

☐   Other: _____

## II.      PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name            Middle Initial         Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                     State               Zip Code

## III.      PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

☐   Convicted and sentenced prisoner

☐   Other: _____

# IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                Zip Code

Defendant 2:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                Zip Code

Defendant 3:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                Zip Code

Defendant 4:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.     RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                              Plaintiff's Signature

_____
First Name                          Middle Initial           Last Name

_____
Prison Address

_____
County, City                                State                       Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____