UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID COLEMAN,

                Plaintiff,

        -against-                              20-CV-2146 (LLS)

OFFICER JOHN DOE; HONORABLE        ORDER OF DISMISSAL
JUSTICE JANE DOE OF THE NEW YORK
CITY CRIMINAL COURT,

                Defendants.

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is incarcerated at Gouverneur Correctional Facility, is proceeding *pro se* and *in forma pauperis*. Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated March 19, 2020, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading, and the Court later extended the time for filing the amended complaint. Plaintiff filed an amended complaint on June 11, 2020, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are from Plaintiff David Coleman's amended complaint. On April 28, 2017, at about 9:30 p.m., a stranger approached Plaintiff on Macdougal Street in

Manhattan and asked where he could buy drugs. (ECF 7 at 4). Plaintiff responded that he didn't know.

A second individual then approached Plaintiff and asked him what the first person wanted. Plaintiff responded that he should "go ask him," that is, the first stranger. (*Id.*) A few minutes later, New York City Police Department (NYPD) Officer "John Doe" arrested Plaintiff on charges of steering a drug buy.[1] Officer John Doe told Plaintiff that he would "be release[ed] in the morning [be]cause there was no Penal Law statu[t]e for st[ee]ring." (*Id.*)

Plaintiff was arraigned on April 29, 2017, before Justice "Jane Doe" of the New York City Criminal Court. (*Id.* at 5). Justice Jane Doe set Plaintiff's bail at $1,000, and he was confined at the Manhattan Detention Center. (*Id.*) He asserts that "Justice Jane Doe knew that there wasn't a penal law statu[t]e for such an offense of st[ee]ring, but she still held [Plaintiff] against his will." (*Id.*) On September 19, 2017, the charges were "dismissed in favor of the accused." (*Id.*)

Plaintiff sues Justice Jane Doe and Police Officer John Doe, asserting claims for "malicious prosecution [and] false arrest." (*Id.*) He seeks $2,000,000 in damages. (*Id.*)

## DISCUSSION

**A.     Justice Jane Doe**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts

---

[1] "[A] steerer usually aids in the drug sale by standing a short distance away from the carrier of the drugs, soliciting or screening potential buyers, and guiding buyers to the carrier, who then completes the sale. A steerer may be part owner of the drugs being sold, or may simply receive a share of the proceeds after the sale." *United States v. Resto*, 824 F.2d 210, 211 (2d Cir. 1987) (conviction of "steerer" for aiding and abetting a sale of illegal narcotics was not against the weight of the evidence).

arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Plaintiff alleges that Justice Jane Doe knew that there was no penal statute criminalizing steering the buyer of illegal narcotics to a seller. (ECF 7 at 5.) In other words, Plaintiff contends that the judge acted in bad faith in detaining him on $1000 bail on charges that were invalid. But Defendant Jane Does's acts are judicial in nature and within the scope of her judicial responsibilities, and Justice Jane Doe is thus absolutely immune from suit for damages for such actions. Plaintiff's claims against Justice Jane Doe are therefore dismissed based on absolute judicial immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.     False Arrest**

A claim for false arrest under § 1983 looks to state law as a starting point to determine the elements of a false arrest claim. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of § 1983 claims and courts should not "mechanically apply" the law of New York State); *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it

4

is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). Thus, if "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994).

Here, Plaintiff alleges that he spoke to a stranger who asked him about buying illegal narcotics and then spoke to a second individual about the first stranger. Plaintiff alleges that he was not involved in any drug sale and that the charges against him were dropped. Even assuming the truth of Plaintiff's allegations, the facts alleged do not suggest that Police Officer John Doe arrested Plaintiff without a reasonable basis. The facts known to John Doe Police Officer – that Plaintiff spoke with an individual seeking illegal drugs ("the buyer") and then with another individual interested in the buyer – were sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has engaged in aiding and abetting an unlawful narcotics sale. Even if John Doe Police Officer was mistaken, and Plaintiff had not committed any crime, and the charges against him were dismissed, the facts alleged suggest that John Doe had a

reasonable basis for the arrest. Plaintiff thus fails to state a claim against Police Officer John Doe for false arrest, and the Court dismisses Plaintiff's § 1983 false arrest claim against Police Officer John Doe. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      Malicious Prosecution**

To state a claim for malicious prosecution, a plaintiff must allege facts showing that: (1) the defendant initiated or continued a prosecution against the plaintiff; (2) the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) the defendant acted with malice; and (4) the prosecution terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Moreover, "a plaintiff asserting a malicious prosecution claim under § 1983 must . . . show that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018).

Plaintiff's allegations fail to show that his criminal proceedings ended in a manner indicating his innocence. Plaintiff alleges that the charges against him were "dismissed in favor of the accused" (ECF 7 at 5), but he does not plead any facts about the reason for dismissal of the charge. For example, a dismissal on speedy trial grounds would be a dismissal in Plaintiff's favor, but not a dismissal that established Plaintiff's innocence. Plaintiff also does not plead facts satisfying other elements of a malicious prosecution claim, such as facts suggesting that Police Officer John Doe acted with malice. For all of these reasons, Plaintiff fails to state a claim on which relief can be granted against any defendant for malicious prosecution.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because

6

the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court declines, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction over any state law claims that Plaintiff may be asserting.

SO ORDERED.

Dated:   June 17, 2020
         New York, New York

                                            _____
                                              Louis L. Stanton
                                              U.S.D.J.